UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                       )
RBS CITIZENS, NATIONAL                 )
ASSOCIATION,                           )
                                       )
    Plaintiff/Defendant-in-Counterclaim,  )
                                       )
v.                                     )   Civil Action No. 09-10116-LTS
                                       )
JEFFREY ARESTY and                     )
ARESTY INTERNATIONAL LAW FIRM,         )
                                       )
    Defendants/Plaintiffs-in-Counterclaim. )
_____)

ORDER ON MOTIONS IN LIMINE

SOROKIN, M.J.

The Plaintiff's Motion in Limine to Prohibit the Defendants From Arguing a "Special Relationship" (Docket # 79) is DENIED, but without prejudice to revisiting the issues raised therein as the evidence develops during trial.

The Plaintiff's Motion in Limine to Preclude the Defendants from Arguing Negligence Because They Cannot Submit Admissible Evidence on the Standard of Care (Docket # 78) is DENIED, also without prejudice to revisiting the issues raised therein as the evidence develops during trial. M.G.L. c. 106, § 4-103(e) defines the relevant legal standard. Citizens was obligated to "exercise ordinary care in handling" the check in question.[1] Article Three of the

---

[1] The Plaintiff has not argued that the contracts it asserts that the Parties formed dispensed with or diluted this obligation. In any event, Massachusetts law would bar such a provision: "the parties to the [account] agreement cannot disclaim a bank's responsibility for its

UCC states that "ordinary care"

> in the case of a person engaged in business means observance [of] reasonable commercial standards, prevailing in the area in which the person is located, with respect to the business in which the person is engaged. In the case of a bank that takes an instrument for processing for collection or payment by automated means, reasonable commercial standards do not require the bank to examine the instrument if the failure to examine does not violate the bank's prescribed procedures and the bank's procedures do not vary unreasonably from general banking usage not disapproved by this Article or Article 4.

M.G.L. c. 106 § 3-103(a)(7).

This definition also applies to Article Four.  See M.G.L. c. 106 § 4-104(c) (incorporating into Article Four the definition of "ordinary care" cited supra).  In the course of the trial, the Defendants bear the burden of proof on this claim.  M.G.L. c. 106 § 4-406(e); Grassi Design Group, Inc. v. Bank of America, N.A., 74 Mass.App.Ct. 456, 459 (2009).  Thus they must introduce evidence of the relevant "reasonable commercial standards."

Contrary to the Plaintiff's argument, bank customers are not necessarily required in all cases to introduce such evidence through an expert.  Although expert testimony may ordinarily be necessary to prove the standard of care used by banks in the community, some acts committed by banks may be so obviously negligent that the trier of fact can easily recognize that the actions violate the standard of care.  See, e.g., Schultz v. Bank of America, 413 Md. 15, 29-31 (2010) (citing as examples where no expert testimony was necessary: Saxon v. Harrison, 186 Md.App. 228 (2009) (bank paid on check indorsed with only part of payee's name); Free State Bank & Trust v. Ellis, 45 Md.App. 159 (1980) (bank improperly released collateral of a customer); Taylor v. Equitable Trust Co., 269 Md. 149 (1973) (bank transferred funds without determining whether the transfer was authorized).  See also Govoni & Sons Const. Co., Inc. v. Mechanics

---

lack of good faith or failure to exercise ordinary care."  M.G.L. c. 106, § 4-103(a).

Bank, 51 Mass.App.Ct. 35, 44-46 (2001).  The Court understands the Defendants' primary allegations of lack of ordinary care in this case to be: that the teller who received the check failed to determine that the routing number on the check did not match the routing number of the purported issuing bank; that the bank failed to inform Aresty that the check had been returned as "sent wrong" prior to his wiring the funds (assuming that the check was returned on November 2nd); and, that the bank granted Aresty provisional credit before collecting the funds.  Subject to evaluation of the sufficiency of the evidence as actually presented, the Court is not prepared to say in limine that it is not possible for the Defendants to prove without expert testimony the applicable standard of care with regard to these actions.

      The Plaintiff's Motion in Limine to Preclude the Defendants from Arguing Negligence as a Defense to Citizens' Breach of Contract and UCC Charge-Back Claims (Docket # 77) is DENIED.  The  Defendants may pursue their UCC-based ordinary care claim.

      The Plaintiff's Motion in Limine to Preclude the Pinzler Affidavit (Docket # 76) is DENIED AS MOOT because the Defendants have, at this time, withdrawn their request to admit the documents.  The Court will revisit the issue if the Defendants seek to admit the documents.  Any such request shall occur at sidebar or otherwise outside the presence of the jury.

      The Plaintiff's Motion in Limine to Preclude Argument, Evidence or Testimony regarding the Coding and Information on the Back of the Check (Docket # 75) is DENIED.  The Bank's recently-identified witness (as the Court understands the proposed testimony at the moment) will testify based upon particularized knowledge he has acquired from his experience in the course of his work for the Bank.  This type of testimony is permissible lay testimony under Rule 701 rather than expert testimony subject to Rules 702-705.  See Fed. R. Evid. 701,

Commentary to the 2000 Amendments.  Similarly, the Defendants may seek to elicit testimony from witnesses at trial regarding the meaning of the markings on the back of the check, provided that any such witness has a foundation to support such testimony.  The Defendants may also seek to offer admissible documents that explain codes that appear on the back of the check.  Whether the Defendants may argue to the jury in their closing argument that the jury should conclude that the Bank received the check back on November 2nd (prior to the Bank again receiving the check back on November 5th) will depend upon whether or not the evidence admitted at trial would support such an argument.  Accordingly, the Motion in Limine to Prohibit Defendants From Arguing that the Fraudulent Check at Issue in This Case Was Returned to Citizens on November 2, 2007 (Docket # 74) is DENIED, without prejudice to the issue being revisited after the evidence is heard.

	The Defendants' First Motion in Limine to Exclude Recently Disclosed Witnesses and Documents (Docket # 73) is ALLOWED to the extent that the Defendants may depose the witness prior to the trial and that the Plaintiff shall bear the costs of the deposition, including the cost of the expedited transcript for the Parties.  In all other respects, the Motion is DENIED.


                                                                          SO ORDERED.


                                                                            /s / Leo T. Sorokin
                                                                          Leo T. Sorokin
                                                                          UNITED STATES MAGISTRATE JUDGE